**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CONTINENTAL CASUALTY COMPANY,** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **No. 17-4183** |
| | : | |
| **PENNSYLVANIA NATIONAL MUTUAL** | : | |
| **CASUALTY INSURANCE COMPANY,** | : | |
| | : | |
| **Defendant.** | : | |

## ORDER

    **AND NOW**, this 14th day of December, 2021, upon consideration of Plaintiff Continental Casualty Company's ("Continental") Motion to Alter and/or Amend Judgment (Doc. No. 107), Defendant Pennsylvania National Mutual Casualty Insurance Company's ("Penn National") Response (Doc. No. 110), Continental' s Reply (Doc. No. 111), and Penn National's Sur-reply (Doc. No. 112), it is hereby **ORDERED** that the Motion is **GRANTED IN PART** as follows:

1.  The sentence on page 8 of the March 12, 2021 Memorandum Opinion that reads:

> Thus, the Penn National Primary Policy covers Shady Maple's vicarious liability for Marquet-Sandt's negligence only if Marquet-Sandt, acting with Shady Maple's permission, "borrowed" the Yukon.

    is **AMENDED** to read:

> Thus, the Penn National Primary Policy covers Marquet-Sandt only if Marquet-Sandt, acting with Shady Maple's permission, "borrowed" the Yukon.

2.  The last paragraph on page 18 of the March 12, 2021 Memorandum Opinion that reads:

> As Shady Maple did not "borrow" the car, neither the Penn National Primary Policy nor the Penn National Excess Policy was triggered, meaning that Penn National owed no defense or coverage in the

underlying Esakoff action.  In turn, Plaintiff Continental is not entitled to equitable contribution from Penn National for any amounts it paid in connection with the settlement of the Esakoff action.  Accordingly, I will grant judgment in favor of Defendant and against Plaintiff.

is **AMENDED** to read:

As Shady Maple did not "borrow" the car, neither the Penn National Primary Policy nor the Penn National Excess Policy was triggered to provide coverage for Marquet-Sandt, meaning that Penn National owed no defense or coverage for Marquet-Sandt in the underlying Esakoff action.  In turn, Plaintiff Continental is not entitled to equitable contribution from Penn National for any amounts it paid in connection with the settlement of the Esakoff action on Marquet-Sandt's behalf.

3.  The additional discussion set forth in this Order's accompanying Memorandum Opinion regarding Continental's entitlement to equitable contribution from Penn National for amounts paid on behalf of Shady Maple for its vicarious liability in the Esakoff action is **INCORPORATED BY REFERENCE**.

It is **FURTHER ORDERED** that **JUDGMENT IS ENTERED** in favor of Defendant Penn National and against Plaintiff Continental.

**BY THE COURT:**

*/s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**